IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DYNAENERGETICS GMBH & CO. KG, and DYNAENERGETICS US, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HUNTING TITAN, LTD., HUNTING TITAN, INC., and HUNTING ENERGY SERVICES, INC., <br><br> Defendants. | Civil Action No. 4:17-cv-03784 <br><br><br> JURY TRIAL DEMANDED |

## DEFENDANTS' UNOPPOSED SECOND MOTION TO STAY PENDING *INTER PARTES* REVIEW

Defendants Hunting Titan, Inc. and Hunting Energy Services, Inc. (collectively "Hunting," "Defendants," or "Counter Plaintiffs") make this unopposed request that the Court stay this case pending resolution of the instituted *Inter Partes* Review (IPR) of the patent-in-suit before the United States Patent and Trademark Office, Patent Trial and Appeal Board (PTAB) Case No. IPR 2018-00600. (Decision Instituting *Inter Partes* Review on all claims, Exhibit A).

1. **The PTAB instituted an *Inter Partes* Review on Claims 1-15 of the '422 Patent.**

On August 21, 2018 the PTAB instituted an *Inter Partes* Review on all claims of the '422 Patent. (Exhibit A). The PTAB found that "Hunting Titan has demonstrated a reasonable likelihood that at least one claim of the '422 patent is unpatentable." (Exhibit A, pgs. 1-2). The PTAB issued a scheduling order on August 21, 2018. (Exhibit B). "Courts have been nearly uniform in granting motions to stay proceedings in the trial court after the PTAB has instituted *Inter Partes* Review proceedings. *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB,

1

2015 U.S. Dist. LEXIS 29573, at *18-19 (E.D. Tex. 2015).[1] "After the PTAB has instituted review proceedings, the parallel district court litigation ordinarily should be stayed. *Id.* at *19.

2. **The Defendant's first Motion to Stay Pending *Inter Partes* Review was denied without prejudice.**

The Court originally ordered on March 23, 2018 that the Defendant's first stay was "DENIED WITHOUT PREJUDICE to refiling if the Patent Trial and Appeal Board institutes the IPR." (Dkt. 20). Now that the IPR has been instituted the Defendants seek this second motion to stay in line with other decisions where the Court ultimately stayed the case on a second motion to stay after institution of proceedings at the USPTO. *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1320 (Fed. Cir. 2014); Exhibit C, *Integrated Prod. Servs., Inc. v. Epic Lift Sys. LLC*, No. 4:14-cv-246, Dkt. 119 (S.D. Tex. May 29, 2015); Exhibit D, *MiMedx Grp., Inc. v. Tissue Transplant Tech., Ltd.*, No. 5:14-cv-719, Dkt. 89 (W.D. Tex. Aug. 20, 2015); Exhibit E, *CANVS Corp. v. United States*, No. 1:10-cv-540, Dkt. 114 (Fed. Cl. Dec. 19, 2014); Exhibit F, *Audatex N.*

---

[1] *Capella Photonics, Inc. v. Cisco Sys., Inc.*, No. C-14-3348, 2015 U.S. Dist. LEXIS 27953 (N.D. Cal. Mar. 6, 2015); *Gentherm Can., Ltd. v. IGB Auto., Ltd.*, No. 13-11536, 2015 U.S. Dist. LEXIS 23180, 2015 WL 804657 (E.D. Mich. Feb. 26, 2015); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-5501, 2015 U.S. Dist. LEXIS 12693, 2015 WL 435457 (N.D. Cal. Feb. 2, 2015); *Service Solutions U.S., L.L.C. v. Autel.US Inc.*, No. 13-10534, 2015 U.S. Dist. LEXIS 9582, 2015 WL 401009 (E.D. Mich. Jan. 28, 2015); *In re CTP Innovations, LLC*, Patent Litig., MDL 14-MD-2581, 2015 U.S. Dist. LEXIS 8142, 2015 WL 317149 (D. Md. Jan. 23, 2015); *Safe Storage LLC v. Dell Inc.*, Civil Action No. 12-1624 (D. Del. Jan. 22, 2015); *Cutsforth, Inc. v. Westinghouse Air Brake Techs. Corp.*, Civil No. 12-1200, 2015 U.S. Dist. LEXIS 31453 (D. Minn. Jan. 15, 2015); *CANVS Corp. v. United States*, No. 10-540 C, 2014 U.S. Claims LEXIS 1550 (Fed. Cl. Dec. 19, 2014); *Kaneka Corp. v. SKC Kolon PI, Inc.*, No. CV 11-3397, 2014 U.S. Dist. LEXIS 182809 (C.D. Cal. Dec. 5, 2014); *Locata LBS LLC v. Paypal Inc.*, No. C 14-1864, 2014 U.S. Dist. LEXIS 182792 (N.D. Cal. Dec. 4, 2014); [*19] *Surfcast, Inc. v. Microsoft Corp.*, No. 2:12-cv-333, 2014 U.S. Dist. LEXIS 160062, 2014 WL 6388489 (D. Me. Nov. 14, 2014); *Norman IP Holdings, LLC v. Chrysler Group LLC*, No. 6:13-cv-278, 2014 U.S. Dist. LEXIS 182788 (E.D. Tex. Oct. 8, 2014); *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-cv-2013, 2014 U.S. Dist. LEXIS 142858, 2014 WL 5021100 (N.D. Cal. Oct. 7, 2014); *Intellectual Ventures II LLC v. Suntrust Banks, Inc.*, No. 1:13-cv-2454, 2014 U.S. Dist. LEXIS 142295, 2014 WL 5019911 (N.D. Ga. Oct. 7, 2014); *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C-13-4513, 2014 U.S. Dist. LEXIS 139066, 2014 WL 4802426 (N.D. Cal. Sept. 26, 2014); *PersonalWeb Techs., LLC v. Google Inc.*, No. 5:13-cv-1317, 2014 U.S. Dist. LEXIS 116172, 2014 WL 4100743 (N.D. Cal. Aug. 20, 2014); *Intellectual Ventures II LLC v. U.S. Bancorp*, Civil No. 13-2071, 2014 U.S. Dist. LEXIS 153638, 2014 WL 5369386 (D. Minn. Aug. 7, 2014); *Affinity Labs of Texas LLC v. Samsung Elecs. Co.*, No. 14-cv-2717, 2014 U.S. Dist. LEXIS 105850, 2014 WL 3845684 (N.D. Cal. Aug. 1, 2014); *Depomed Inc. v. Purdue Pharma L.P.*, Civil Action No. 13-571, 2014 U.S. Dist. LEXIS 102109, 2014 WL 3729349 (D.N.J. July 25, 2014).

*Am. Inc. v. Mitchell Int'l Inc.*, 3:13-cv-1523, Dkt. 205 (S.D. Cal. Mar. 24, 2015); Exhibit G, *Segin Sys., Inc. v. Stewart Title Guar. Co.*, 2:13-cv-190, Dkt. 139 (E.D. Va. Jul. 23, 2014).

   3. **The Defendants are seeking a stay of the litigation during the IPR process.**

The issue to be decided is whether the Court should stay this case pending resolution of Patent Trial and Appeal Board Case No. IPR 2018-00600 regarding the validity of the '422 Patent. It is within the court's discretion to stay a patent case pending the review process by the Patent and Trademark Office. *e-Watch, Inc. v. Lorex Can., Inc.*, No. H-12-3314, 2013 U.S. Dist. LEXIS 138198, at *3-4 (S.D. Tex. 2013) (citing *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 850 (S.D. Tex. 2009); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). In determining whether to grant a stay, courts considering this issue have consistently evaluated the following factors: (1) whether a stay will unduly prejudice or provide a tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question; and (3) whether the litigation is at an early stage. *Id*.

   4. **A stay will not unduly prejudice Plaintiffs or provide a tactical disadvantage.**

The purpose of the IPR procedure at the Patent Office is "to create a timely, cost-effective alternative to litigation." 77 F. Reg. 48680-01 (Aug. 14, 2012). Specifically, the IPR procedure allows the Patent Office to cancel a patent that is invalid in view of prior patents and printed publications (prior art). 35 U.S.C. § 311.

The IPR Petition (Exhibit H) explains in detail how the claims of the '422 patent are invalid under 35 U.S.C. §§102 and 103 in view of prior patents and publications in the industry.

Plaintiffs will not be prejudiced by a stay of this litigation. The IPR provides a quick and efficient resolution of the primary validity issues in this case. *See e-Watch, Inc. v. Lorex Can., Inc.*, No. H-12-3314, 2013 U.S. Dist. LEXIS 138198, at *4-6 (S.D. Tex. 2013). Furthermore, "the

continuation of this litigation will likely result in the unnecessary expenditure of the parties' and court's time and resources on claims that may be fundamentally altered by the USPTO's determination regarding the patents-in-suit." *Id*. Denying the stay would prejudice Defendants by unnecessarily burdening them with costly litigation over a patent that the Patent Office will likely invalidate. "The mere fact of a delay alone does not constitute prejudice sufficient to deny a request for stay." *e-Watch* at *4 (citing *ImageVision Net, Inc. v. Internet Payment Exch., Inc.*, 2012 U.S. Dist. LEXIS 124979, *4 (D. Del. 2012); *Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*, 2012 U.S. Dist. LEXIS 186322, 2012 WL 7170593, *3 (C.D. Cal. 2012)). Accordingly, the lack of undue prejudice factor favors a stay.

5. **All issues in this case will likely be resolved by the IPR.**

According to the latest statistics from the USPTO, 81% of all *Inter Partes* Reviews that have gone to a final decision resulted in invalidity of at least some claims and 65% resulted in invalidity of all claims. Exhibit I, USPTO Trial Statistics, page 11.

The Patent Office's decision in the IPR, "may change the terms or scope of the patents at issue." *e-Watch* at *6-7. If the Patent Office "in any way alters or invalidates a claim of any of the patents-in-suit, the matters at issue in this court will change. At a minimum, even assuming that all the patents-in-suit survive the reexamination intact, the USPTO's insight and expertise regarding the validity of the patents would be of invaluable assistance to this court." *Id.* (citing *GPAC, Inc. v. D.W.W. Enters., Inc.*, 144 F.R.D. 60, 62-63 (D.N.J. 1992)). Accordingly, this factor weighs in favor of a stay.

6. **The litigation is at an early stage.**

This litigation is in its infancy. Claim construction briefing is not scheduled to begin until October 12, 2018 and the final pre-trial conference is set for December 20, 2019. No depositions

are scheduled, no expert discovery has taken place, and Plaintiffs have not answered the counterclaims. Defendants were served with the complaint on January 10, 2018 and filed an answer and counterclaims on January 30, 2018. Hunting Titan, Inc. filed a Petition for *Inter Partes* Review of the '422 Patent (U.S. Patent No. 9,581,422) on February 16th, 2018, 37 days after being served with the complaint.

If litigation continues without a stay, the parties and the Court will have to expend a considerable amount of resources on discovery, motions practice, and trial. The grant of a stay will avoid the potential waste of the Court and the parties' resources. Accordingly, this factor favors a stay. *See Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 770-71 (E.D. Pa. 2014).

## CONCLUSION

Because: (1) a stay will not unduly prejudice or provide a tactical disadvantage to Plaintiffs; (2) a stay will simplify the issues in question; and (3) the litigation is in its infancy, a stay is appropriate and justified in this case pending completion of IPR 2018-00600. Defendants request that the Court issue an order stating that all proceedings in this case are stayed and administratively closed pending the final outcome of IPR 2018-00600 regarding validity of United States Patent No. 9,581,422 before the United States Patent and Trademark Office.

Dated: <u>August 24, 2018</u>                                                   Respectfully submitted,

<u>/s/ Jason A. Saunders</u>
Jason A. Saunders
Texas Bar No.: 24042406
Federal ID No.: 557143
jsaunders@arnold-iplaw.com
Attorney-in-Charge
Arnold & Saunders, LLP
4900 Woodway, Suite 900

Houston, Texas 77056
Telephone: (713) 972-1150
Facsimile:  (713) 972-1180

Christopher P. McKeon
Texas Bar No.: 24068904
Federal ID No.: 1162839
cmckeon@arnold-iplaw.com

Gordon Arnold
Texas Bar No.: 01342410
Federal ID No.: 12483
garnold@arnold-iplaw.com

**ATTORNEYS FOR DEFENDANTS,
HUNTING TITAN, INC.,
HUNTING ENERGY SERVICES, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that, beginning on August 21, 2018, I was in conference with Plaintiffs' counsel regarding the relief sought by this motion and on August 24, 2018 Plaintiffs' counsel indicated that Plaintiffs are unopposed to the relief sought.

/s/ Jason A. Saunders
Jason A. Saunders

## CERTIFICATE OF SERVICE

I hereby certify that, on this 24th day of August, 2018, a true and correct copy of the Defendants' Reply to Plaintiffs' Unopposed Second Motion to Stay Pending Inter Partes Review was served on all counsel of record *via CM/ECF*.

/s/ Jason A. Saunders
Jason A. Saunders